IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02102-PAB

ADIDE JEAN-GEORGES,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Denver Field Office Director, U.S. Immigration and Customs Enforcement,
TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting U.S. Attorney General,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Adide Jean-Georges's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 9.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Haiti. Docket No. 1 at 4, ¶ 10. In 1995, petitioner fled Haiti, fearing for his life. *Id.* at 6, ¶ 21. On August 15, 2023, petitioner presented himself at the Hidalgo, Texas Port of Entry. *Id.*, ¶ 22. That same day, the

---

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 9.

Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging petitioner under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id.*, ¶ 23.  Customs and Border Patrol ("CBP") paroled petitioner into the United States.  *Id.*, ¶ 24.  Soon after being paroled, petitioner moved to Maryland to live with a friend.  *Id.*, ¶ 25.  On February 26, 2024, petitioner submitted an I-589 application for asylum.  *Id.*, ¶ 26.  After receiving work authorization, petitioner obtained employment at the Tyson chicken factory and has developed ties with his community.  *Id.* at 7, ¶ 29.

In approximately September 2024, petitioner was involved in a dispute, wherein petitioner called the police for assistance.  *Id.*, ¶ 30.  The police arrested petitioner.  *Id.* Petitioner entered an *Alford* plea to second-degree assault under Maryland law.  *Id.*, ¶ 31.  After his release from criminal custody, on February 19, 2025, petitioner was detained by Immigration and Customs Enforcement ("ICE") and transferred to immigration detention in Colorado.  *Id.* at 2, ¶ 4.  Petitioner is detained at the Denver Contract Detention Facility, where he has been in custody for over 14 months.  *Id.* Petitioner has not received a bond hearing.  *Id.*

On May 15, 2026, petitioner filed a petition for habeas corpus.  *See generally id.* Petitioner brings claims that his detention violates 8 U.S.C. § 1226(a) and violates his substantive and procedural due process rights.  *Id.* at 15-21, ¶¶ 70-90.  Among other things, petitioner seeks his immediate release.  *Id.* at 22-23, ¶¶ 92-95.  In the alternative, petitioner seeks a bond hearing that takes place pursuant to adequate safeguards.  *Id.* at 24-26, ¶¶ 98-100.

## II.  ANALYSIS

The parties disagree as to whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 15-16, ¶¶ 70-75; Docket No. 9 at 2-3.  Petitioner

contends that his detention should be controlled by 8 U.S.C. § 1226(a). Docket No. 1 at 15-16, ¶¶ 70-75. Petitioner notes that § 1226 permits release on bond. *Id.* at 13, ¶ 64. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted." Docket No. 9 at 3. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States and who face removal proceedings. *See, e.g., Sanchez v. Baltasar*, No. 26-cv-01036-PAB, 2026 WL 809548 (D. Colo. Mar. 24, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025). The Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 9 at 4. Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL

2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id*. at 4.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.  *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in its past orders, which respondents acknowledge do not materially differ from the present case.  Docket No. 9 at 2.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[2]   The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[3]

---

[2] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claims.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Adide Jean-Georges's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").