IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02102-PAB

ADIDE JEAN-GEORGES,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Denver Field Office Director, U.S. Immigration and Customs Enforcement,
DAVID VENTURELLA,[1] in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting U.S. Attorney General,

     Respondents.

---

**ORDER**

---

     This matter comes before the Court on Petitioner's Expedited Motion to Enforce the Court's Order Granting Habeas Relief and Conditional Writ of Habeas Corpus [Docket No. 12]. Respondents filed a response, Docket No. 14, and petitioner filed a reply. Docket No. 16.

## I. BACKGROUND[2]

     Petitioner is a native and citizen of Haiti. Docket No. 1 at 4, ¶ 10. In 1995, petitioner fled Haiti, fearing for his life. *Id.* at 6, ¶ 21. On August 15, 2023, petitioner

---

     [1] Pursuant to Federal Rule of Civil Procedure 25(d), David Venturella is automatically substituted as a party in this action.
     [2] The following facts are undisputed unless otherwise noted.

presented himself at the Hidalgo, Texas Port of Entry.  *Id.*, ¶ 22.  That same day, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging petitioner under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  *Id.*, ¶ 23.  Customs and Border Patrol ("CBP") paroled petitioner into the United States.  *Id.*, ¶ 24.  Soon after being paroled, petitioner moved to Maryland to live with a friend.  *Id.*, ¶ 25.  On February 26, 2024, petitioner submitted an I-589 application for asylum.  *Id.*, ¶ 26.  After receiving work authorization, petitioner obtained employment at the Tyson chicken factory and has developed ties with his community.  *Id.* at 7, ¶ 29.

In approximately September 2024, petitioner was involved in a dispute, wherein petitioner called the police for assistance.  *Id.*, ¶ 30.  The police arrested petitioner.  *Id.* Petitioner entered an *Alford* plea to second-degree assault under Maryland law.  *Id.*, ¶ 31.  After his release from criminal custody, on February 19, 2025, petitioner was detained by Immigration and Customs Enforcement ("ICE") and transferred to immigration detention in Colorado.  *Id.* at 2, ¶ 4.  Petitioner is detained at the Denver Contract Detention Facility, where he has been in custody for over 14 months.  *Id.* Petitioner has not received a bond hearing.  *Id.*

On May 15, 2026, petitioner filed a petition for habeas corpus.  *See generally id.* The petition brought claims that petitioner's detention violates 8 U.S.C. § 1226(a) and violates his substantive and procedural due process rights.  *Id.* at 15-21, ¶¶ 70-90.  On May 27, 2026, the Court granted the habeas petition, ordering respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner's continued detention is justified.  Docket No. 10 at 5.  On June 3, 2026, the parties filed a status report indicating that petitioner was denied bond.  Docket No. 11 at

1.  That same day, on June 3, 2026, petitioner filed a motion to enforce.  Docket No. 12. On June 10, 2026, respondents filed a response, Docket No. 14, and on June 15, 2026, petitioner filed a reply.  Docket No. 16.

## II.  ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the bond hearing contravened the Court's May 27, 2026 order because, in practice, DHS did not bear the burden of proof.  Docket No. 12 at 5-6. But petitioner concedes that DHS submitted an I-213 form which stated the fact of his assault conviction.  *Id.* at 4.  The immigration judge relied on that conviction in her order denying bond.  *See* Docket No. 12-6 at 2-3.

Petitioner fails to show that the immigration judge misapplied the burden of proof. Rather, petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that the evidence was insufficient to meet DHS's burden. This the Court will not do.  Thus, petitioner fails to show that respondents did not comply with the Court's May 27, 2026 order.  The Court will deny petitioner's motion to enforce. *See Jovel v. Noem*, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the

3

burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

### III.  CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Expedited Motion to Enforce the Court's Order Granting Habeas Relief and Conditional Writ of Habeas Corpus [Docket No. 12] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED July 16, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

4